### THE E. A. PACKER.

(Circuit Court of Appeals, Second Circuit. February 14, 1911.)

#### No. 141.

COLLISION (§ 125*)—ACTION FOR DAMAGES—SUFFICIENCY OF EVIDENCE—VESSEL LYING AT DOCK.

Evidence considered. and *held* insufficient to sustain the burden of proof resting on libelant to establish by a preponderance of testimony his allegation that an injury received by his canal boat, lying alongside

---

a dock at night, with two scows outside of her, was caused by a collision between the tow of respondent tug and the outer scow; the testimony tending to show that the scow was struck at such a place that it could not have caused the injury complained of.

[Ed. Note.—For other cases, see Collision, Dec. Dig. § 125.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by Alfred A. Hunt, as owner of the canal boat Ruberta, against the steam tug E. A. Packer; the Goodwin Sand & Gravel Company, claimant. Decree for libelant, and claimant appeals. Reversed.

This is a suit in admiralty, brought by the owner of the canal boat Ruberta to recover damages for injuries alleged to have been sustained by said vessel in June, 1909, while lying alongside a dock in the East River, New York, through the negligence of the steam tug E. A. Packer. At the time in question the Ruberta was alongside the dock headed upstream, and there were two scows, the Francis and the Peach, lying alongside of her; the latter being outside. The libelant contended that about midnight on said day the Packer towed another scow, the No. 130, into collision with the Peach, so that an up and down fender on the intermediate scow, the Francis, was driven against the side of the Ruberta, breaking in several streaks near the stern, and doing the damage complained of. The District Court held the Packer liable for the injuries, and the claimant has appealed.

Foley, Martin & Nelson (W. J. Martin and Frank A. Spencer, Jr., of counsel), for appellant.

Hyland & Zabriskie (Nelson Zabriskie, of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The burden of proof is upon the libelant to show that the injuries to the Ruberta were caused by some act or neglect of the Packer. This burden the libelant attempts to sustain by showing that the Ruberta was a new vessel; that the Packer towed a scow into collision with the outside vessel, the Peach; that the day before this took place the Ruberta was uninjured; and that the morning after she was found in an injured condition. There is also testimony to warrant the finding that the Packer brought the scow into such violent collision with the Peach that men on the different boats were awakened by the noise or shock. There is no testimony showing any other adequate cause for the injury. If, then, it appeared that the blow received by the Peach was capable of causing the injury, the inference might be drawn that it did cause it, and, the decision of the District Court being based upon disputed facts, we should probably affirm it.

The difficulty, however, is that the testimony both on behalf of the libelant and of the claimant indicates that the blow received by the Peach could not have caused the injury. It seems obvious that only a blow upon the downstream end of the Peach could have injured the downstream end of the Ruberta. A blow upon the upstream end of the Peach could not have forced the fender of the intermediate boat through the planks of the stern or downstream end of the Ruberta.

Now, there is no substantial testimony in behalf of the libelant that the tow of the tug struck the downstream end of the Peach. It is true that the master of the Ruberta drew a sketch indicating a collision of that nature; but he was not on deck at the time when the collision took place, and his testimony is insufficient to show the correctness of his sketch. Moreover, this witness testified that when he came on deck, after the collision, to see what had happened, he looked forward. The witness Blount, called by the libelant, testified that the tow struck the front end of the Peach. It is true that there is some difference in the testimony as to which direction the Peach was headed; but we think it clear, from Blount's testimony as a whole, that he meant that the tow struck the upstream end of the Peach. This is all the testimony in behalf of the libelant upon this point.

The testimony on the part of the claimant's witnesses is to the effect that the tow came in contact with the upstream end of the Peach only, although they claim that the tow did not strike the side of the Peach at all, but that the corner of the Peach was brought, without doing damage, into contact with the forward port side of the tow.

Upon the testimony it is impossible to say that the libelant has proved his case by a fair preponderance of testimony. We cannot draw from the facts the inference that the blow which struck the Peach injured the Ruberta, when all the testimony there is tends to show that the blow was struck at such a place that it could not have produced the injury. Of course, the witnesses may be mistaken in this regard, or may not be testifying truthfully; but that does not help the libelant. He must recover through the strength of his own case, and not through the weakness of his opponent's.

For these reasons we feel constrained to hold that the libelant has failed to establish that any act or neglect of the Packer caused the injuries complained of.

The decree of the District Court is reversed, with the costs of this court, and the cause remanded to the District Court, with instructions to dismiss the libel, without costs.